# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

KENNETH D. BOWDEN,

    Petitioner,

v.

R. MARQUES,

    Respondent.

Case No. 19-cv-1510 (WMW/TNL)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner Kenneth D. Bowden's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1 (Petition). *See also* Mem. of Law in Supp. of Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 3 (Memorandum). This action has been referred to the undersigned magistrate judge for a Report and Recommendation to the Honorable Wilhelmina W. Wright, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends dismissing the Petition without prejudice.

Bowden is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, where he is serving a 97-month prison term following his conviction of possessing (with intent to distribute) 100 grams or more of heroin. *See* J. in a Criminal Case 1–2, *United States v. Bowden*, No. 14-CR-0134 (S.D.W. Va. May 13, 2015). *See, e.g.*, Pet. 2. Online records from the Bureau of Prisons (BOP) suggest that Bowden's present expected release date is October 6, 2020. *See* Bureau of Prisons, Inmate Locator—Kenneth

D. Bowden, *available at* https://www.bop.gov/inmateloc (last accessed July 3, 2019). Bowden asserts that he is entitled to an earlier release date because of recent statutory amendments contained in the First Step Act of 2018 (FSA)—specifically, amendments to 18 U.S.C. § 3624(b)(1). *See* Pet. 8–9; Mem. 7–14. These amendments alter the method of calculating so-called good-time credit. *See* First Step Act of 2018, sec. 102(b)(1)(A), § 3624(b)(1), Pub. L. No. 115-391, 132 Stat. 5194, 5210 (codified at 18 U.S.C. § 3624(b)(1)).

Under the previous version of § 3624(b)(1), *see, e.g.*, 18 U.S.C. § 3624(b)(1) (2012), the BOP calculated good-time credit at the rate of 54 days for each year of imprisonment *served*, rather than 54 days for each year of imprisonment *imposed*. *See Barber v. Thomas*, 560 U.S. 474, 477–79 (2010) (discussing calculation method). Under this time-served method, the effective rate of good-time-credit accumulation (for a prisoner who earned all possible good-time credit) was 47 days per year. *Cf. id.* at 493 (establishing mathematical basis for calculation). Under the new version of § 3624(b)(1), the BOP is to calculate good-time credit at the rate of 54 days for each year of punishment imposed. *See* 18 U.S.C. § 3624(b)(1). Using this method, the effective rate of good-time-credit accumulation (again, for a prisoner who earns all possible good-time credit) is no longer 47 days a year, but a full 54 days per year.

The amendments to § 3624(b)(1) do not take effect until the Attorney General releases its "risk and needs assessment system," which must be done no later than 210 days after enactment of the First Step Act. First Step Act of 2018, PL 115-391, 132 Stat 5196, 5123. Because the relevant subchapter of the FSA was enacted into law on December 21,

2018, the Attorney General must complete the risk and needs assessment on or before July 19, 2019. Based on the record before the Court, the Attorney General has not yet released the new assessment.

Bowden asserts that the new version of § 3624(b)(1) should have gone into effect immediately upon the FSA's enactment and that his good-time credit should be recalculated immediately. *See* Mem. 1, 7–14. He contends that with the recalculation, he is entitled 58 additional days of good-time credit. *See id.* at 14.[1] Bowden's argument is without merit.

Typically, a statute takes effect the day it is enacted. *Johnson v. United States*, 529 U.S. 694, 702 (2000). A statute may take place on a date other than the date of its enactment only if there is an "explicit provision to the contrary." *United States v. York*, 830 F.2d 885, 892 (8th Cir. 1987). In this case, the First Step Act contains an explicit provision to the contrary. The FSA states unambiguously that good time credits can be recalculated only

---

[1] Bowden concedes that he has not exhausted administrative remedies relevant to his good-time-recalculation claim, arguing that exhaustion serves "no useful purpose" here and would be "futile." Mem. 5–6. Generally, a petitioner seeking relief under 28 U.S.C. § 2241 must first exhaust all available administrative remedies. *See, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *United States v. Wilborn*, No. 17-CR-0049 (DWF/SER), 2019 WL 1544175, at *2 (D. Minn. Apr. 9, 2019). This precondition is not jurisdictional, however; it is instead a judicial creation. *See, e.g.*, *Berry v. Marques*, No. 18-CV-0934 (SRN/TNL), 2018 WL 3750543, at *2 n.3 (D. Minn. July 18, 2018) (citing *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007)), *report and recommendation adopted*, 2018 WL 3748179 (D. Minn. Aug. 7, 2018). This means that the Court has the discretion to decide whether Bowden must meet the exhaustion requirement. *See, e.g.*, *Whentworth v. Fisher*, No. 10-CV-2270 (JNE/JSM), 2011 WL 5077612, at *5 (D. Minn. Oct. 7, 2011) (citing *Leuth*, 498 F.3d at 797 n.3), *report and recommendation adopted*, 2011 WL 5078870 (D. Minn. Oct. 26, 2011). Given the clearcut statutory issues in play (as discussed below), the Court decides that for purposes of addressing the present Petition, Bowden need not meet the exhaustion requirement.

after the Attorney General releases its risk and needs assessment system. First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5196, 5213. It also states unambiguously that the Attorney General has 210 days from the date of the FSA's enactment to release the new system. Therefore, the Court must conclude the effective date for the amendments to § 3624(b)(1) has not yet occurred. This conclusion is consistent with other decisions both in this district and nationwide. *See, e.g.*, Report and Recommendation (ECF No. 8) and Order (ECF No. 9), *Brown v. United States*, No. 19-CV-1229 (JNE/ECW) (D. Minn. June 3, 2019 and June 28, 2019); *Robertson v. Marques*, No. 19-CV-1009 (WMW/SER), 2019 WL 2476616, at *2 (D. Minn. May 8, 2019), *report and recommendation adopted*, 2019 WL 2464805 (D. Minn. June 13, 2019).[2]

Though this Court must typically "enforce plain and unambiguous statutory language according to its terms," it may depart from the plain language of a statute when strict adherence to the text itself would result in outcome at "odds with the intentions of its drafters" or in an absurd result. *Owner-Operator Indep. Drivers Ass'n, v. United Van Lines, LLC*, 556 F.3d 690, 694 (8th Cir. 2009) (citations omitted). But Petitioner is unable to show that adherence to the unambiguous language in the statute would lead to absurd results. In fact, it is quite rational for Congress to delay the effective date of the amendments to §

---

[2] *See also Costa v. Parr*, No. 19-CV-0318 (LJO/JDP), 2019 WL 2490657, at *6 (E.D. Cal. June 14, 2019); *Cox v. White*, No. 1:19-CV-883, 2019 WL 2387080, at *1 (M.D. Pa. June 6, 2019); *Musgrove v. Ortiz*, No. 19-CV-5222 (NLH), 2019 WL 2240563, at *3 (D.N.J. May 24, 2019); *White v. Bureau of Prisons*, No. 19-CV-0762 (JMC/BM), 2019 WL 2517082, at *2 (D.S.C. May 17, 2019), *report and recommendation adopted*, 2019 WL 2513712 (D.S.C. June 18, 2019); *United States v. Richards*, No. 3:05-CR-00185, 2019 WL 2008572, at *4 (M.D. Tenn. May 7, 2019).

3624(b)(1) so that the BOP has time to prepare and implement a new system for calculating good time. *See United States v. Daniels*, No. 11-cr-1 (JBA), 2019 WL 2354388, at *4 (D. Conn. June 4, 2019) (reaching same conclusion). Though this interpretation might be a harsh result for those inmates who would eligible for immediate release if their good time credits were recalculated, it is not an absurd one, given the reasonable need for the BOP to determine what inmates the First Step Act will impact and to make plans for those inmates' release. Once the new risk and needs assessment system is released, Petitioner will be eligible for recalculation of his good time credit. But under current law, the Court is without authority to order recalculation at this time. The Court thus recommends that the Petition be denied and that this action be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein**, IT IS RECOMMENDED THAT** Petitioner Kenneth D. Bowden's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

Date: July 18, 2019                                  *s/ Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota

                                                     *Bowden v. Marques*
                                                     Case No. 19-cv-1510 (WMW/TNL)

5

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).