## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Kenneth D. Bowden,

Case No. 19-cv-1510 (WMW/TNL)

Petitioner,

v.

**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**

R. Marques, Warden,

Respondent.

This matter is before the Court on the July 19, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung. (Dkt. 6.)  The R&R recommends denying Petitioner Kenneth D. Bowden's petition for a writ of habeas corpus as premature.  Objections to the R&R have not been filed in the time period permitted.  In the absence of timely objections, this Court reviews an R&R for clear error.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  For the reasons addressed below, the Court adopts the R&R as modified.

Bowden, who currently is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, filed the instant petition for a writ of habeas corpus in June 2019.  Bowden challenges the method that the Federal Bureau of Prisons (BOP) uses to calculate good-conduct time credited to his term of imprisonment.  Bowden argues that the First Step Act of 2018, Pub. L. No. 115-391, § 102, 132 Stat. 5194 (2018) (the Act) is a "good time

fix" that manifests Congress's intent that good-conduct time should be calculated based on the term of imprisonment imposed by a sentencing judge.

Prior to the passage of the Act, the BOP interpreted Title 18, United States Code, Section 3624(b), to permit the calculation of good time based on the length of time that a prisoner actually serves rather than the length of the sentence imposed. *See Barber v. Thomas*, 560 U.S. 474, 477-80 (2010). The Act amends Section 3624(b) to require calculating good time credit based on the length of a prisoner's sentence imposed by the court.

Bowden argues that the BOP should have immediately recalculated his good time credit upon the passage of the Act. The Act does not take effect, however, until the Attorney General "completes and releases the risk and needs assessment system." Pub. L. No. 115-391, § 102, 132 Stat. at 5213. The Act provides the Attorney General 210 days to complete and release the risk and needs assessment system. This 210-day period expired on July 19, 2019. Before that date, the amendments to Section 3624(b) were not in effect. It is on this ground that the R&R recommends denying Bowden's habeas petition as premature.

The R&R correctly determined that when Bowden filed his habeas petition, the BOP lacked statutory authority to recalculate Bowden's good time credit because the amendments to Section 3624(b) were not in effect. *See Robertson v. Marques*, No. 19-cv-1009, 2019 WL 2464805, at *1 (D. Minn. June 13, 2019). The date that these amendments were due to take effect has since passed. But despite this change in circumstances, denial of Bowden's habeas petition nonetheless is warranted because the record does not establish

that Bowden has exhausted available administrative remedies.  *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.").  For these reasons, the Court denies Bowden's habeas petition and dismisses this case without prejudice.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     The July 19, 2019 R&R, (Dkt. 6), is **ADOPTED AS MODIFIED**;

2.     Petitioner Kenneth D. Bowden's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**; and

3.     This case is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 15, 2019                                    s/Wilhelmina M. Wright
                                                           Wilhelmina M. Wright
                                                           United States District Judge